UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel.<br>JIMMY SPENCER, | )<br>)<br>) | |
| Petitioner, | )<br>) | |
| v. | ) | No. 11 C 1689 |
| MIKE ATCHISON, Warden,<br>Menard Correctional Center, | )<br>)<br>)<br>) | Judge Rebecca R. Pallmeyer |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Jimmy Spencer was convicted of two counts of attempted intentional homicide of an unborn child and one count of aggravated battery of a child. Spencer filed an appeal, but withdrew it. More than a year later, Spencer unsuccessfully sought post-conviction relief from the state courts. Six months after the Illinois Supreme Court denied review of the dismissal of his post-conviction petition, Spencer filed this petition for writ of habeas corpus. Respondent David Rednour has moved to dismiss. For the reasons explained here, the court concludes that Spencer's petition is untimely and that he is not entitled to equitable tolling. The motion to dismiss is therefore granted.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 22, 2005, following a jury trial, Petitioner was convicted of two counts of attempted intentional homicide of an unborn child and one count of aggravated battery of a child.[1] (Resp't's Mot. to Dismiss ¶ 2 (hereinafter "Resp't's Mot.").) Petitioner was sentenced to three consecutive thirty-year prison terms. (Dec. 15, 2009 Order in *People v. Spencer*, Ex. A to Resp't's Mot., at 1.) Petitioner filed a direct appeal, but, after obtaining information from counsel regarding the possibility of post-conviction relief in an August 10, 2006 letter, Petitioner voluntarily withdrew

---

[1] This factual and procedural background is primarily derived from the Petition for Writ of Habeas Corpus, the Respondent's Motion to Dismiss, and Petitioner's Reply to Respondent's Motion to Dismiss.

his appeal. (Spencer Pet. for Writ of Habeas Corpus at 24.) Counsel's letter made no mention of the availability of federal habeas corpus relief or the time frame for seeking such relief. (*Id.*) Petitioner's motion to dismiss was granted by the Illinois Appellate Court on September 1, 2006. (Dec. 15, 2009 Order in *People v. Spencer* at 1.)

Almost eighteen months later, on February 26, 2008, Petitioner filed a petition for post-conviction relief with the state trial court. (Pet. for Post-Conviction Relief in *People v. Spencer*, Ex. B to Resp't's Mot.) The trial court dismissed that petition for post-conviction relief on May 9, 2008, (Resp't's Mot. ¶ 3), and after filing a notice of appeal, Petitioner's attorney sought and was granted leave to withdraw as appellate counsel on December 15, 2009. (Dec. 15, 2009 Order in *People v. Spencer* at 2.) Petitioner himself sought leave to appeal with the Illinois Supreme Court, but it was denied on September 29, 2010. (Sept. 29, 2010 Order in *People v. Spencer*, Ex. C to Resp't's Mot.) Finally, on April 11, 2011, Petitioner filed his *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging various violations of his Sixth and Fourteenth Amendment rights. (Spencer Pet. for Writ of Habeas Corpus at 10–18.) Pursuant to 28 U.S.C. § 2244(d)(1), Respondent moved to dismiss the petition as time-barred. (Resp't's Mot. at 1.)

## DISCUSSION

Respondent contends that Spencer's petition for a writ of habeas corpus is barred by the one-year limitations period established in 28 U.S.C. § 2244(d)(1). A case can be dismissed as untimely on a Rule 12(b) motion when the complaint itself "plainly reveals that the action was not brought within the statutory period." *U.S. ex rel. Walner v. NorthShore Univ. Healthsystem*, 660 F.Supp.2d 891, 898 (N.D. Ill. 2009) (citing *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). Under some circumstances, the doctrine of equitable tolling may be available to sustain an otherwise-untimely habeas filing. For the reasons explained here, however, the court concludes that petition is untimely and that the circumstances do not support equitable tolling.

**A.      The Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on a petition for a writ of habeas corpus. This limitation period runs from the latest of:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).[2] Further, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)]." 28 U.S.C. § 2244(d)(2). None of the circumstances described in § 2244(d)(1)(B)–(D) exist in this case, and neither Petitioner nor Respondent argues that they do. Accordingly, whether the habeas petition is timely turns on a calculation under § 2244(d)(1)(A).

In essence, Petitioner argues that he timely filed his petition for post-conviction relief and that the statute of limitations under § 2244(d)(1)(A) does not begin to run until after the completion of the post-conviction relief process. (Pet'r's Reply ¶¶ 7-8.) In other words, Petitioner asserts, he had one year from Sept. 29, 2010–the date of the Illinois Supreme Court's denial of his petition for leave to appeal on his post-conviction case–to file his habeas petition. (*Id.* at ¶ 13.) Unfortunately,

---

[2]      Note that when a person in custody seeks direct review of his conviction in the state courts, direct review is not complete for purposes of §2244(d)(1)(A) until the passage of ninety days allowed for application for writ of *certiorari* to the United States Supreme Court. *See Morales v. Boatwright*, 580 F.3d 653, 657 (7th Cir. 2009). Before such an application may be filed, however, there must be a "[f]inal judgment[] or decree[] rendered by the highest court of a State." 28 U.S.C. § 1257(a). As Petitioner voluntarily dismissed his original appeal, no such judgment or decree from the Illinois Supreme Court exists, and Petitioner is not entitled to this ninety-day credit. Even if he were, it would have no effect on the court's decision here.

3

this argument is flawed for a simple reason. The statute says the clock begins to run on "the date on which the judgment became final by the conclusion of *direct* review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (emphasis added). A petition for post-conviction relief is not part of the direct review process. Direct review in Petitioner Spencer's case concluded on September 1, 2006, when the Illinois Appellate Court dismissed the direct appeal on Petitioner's own motion.

Spencer's subsequent petition for post-conviction relief constitutes collateral review. *See* 28 U.S.C. § 2244(d)(2) (concerning "[s]tate post-conviction [petitions] *or other collateral review*") (emphasis added). Since the post-conviction relief process does not constitute direct review of the case, filing a petition for post-conviction relief has no effect on the completion of direct review. As § 2244(d)(2) explains, the filing of a petition for post-conviction relief, or other collateral review, tolls the statute of limitations so that any time that elapses while the collateral review is still pending is not counted against the one-year window in which a petitioner must file a habeas petition. For example, in *De Jesus v. Acevedo*, the Seventh Circuit explained that "if a state conviction becomes final on March 1, 2008, and a collateral attack in state court begins on July 1, 2008, and lasts until July 1, 2009, the prisoner then has eight months (or until March 1, 2010) to launch a [habeas petition]." 567 F.3d 941, 943 (7th Cir. 2009).

Petitioner in this case had one year from the conclusion of direct review on September 1, 2006 in which to file a state petition for post-conviction relief (thereby suspending the § 2244(d) statute of limitations) or file a federal habeas petition. Unfortunately, Petitioner did neither. Instead, Petitioner waited almost eighteen months, until February 26, 2008, before filing his state court petition for post-conviction relief. Whatever the rules may be regarding the timing of the petition for post-conviction relief itself, it is clear that by February 26, 2008, the one-year window for filing a federal habeas petition had already expired. Therefore, the filing of the post-conviction relief petition had no effect on any habeas petition. "[A] state [collateral] proceeding that does not begin

4

until the federal year has expired is irrelevant." *De Jesus*, 567 F.3d at 943. It does not restart the habeas clock. The logic underlying this conclusion is apparent. "Any other approach would eliminate all federal time limits whenever a state does not have (or does not enforce) a time limit for collateral review: a state collateral proceeding, however belated and however unmeritorious, would reset the federal clock." *Id.* Thus, Petitioner's habeas petition is time-barred by § 2244(d)(1)(A).

**B.      Equitable Tolling**

Petitioner argues, in the alternative, that even if his claim was not timely filed, it nonetheless merits equitable tolling. Indeed, AEDPA "does not set forth an 'inflexible rule requiring dismissal whenever' its 'clock has run.'" *Id.* at 2560 (quoting *Day v. McDonough*, 547 U.S. 198, 208 (2006)) Petitioner is entitled to equitable tolling of his habeas petition if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In support of his assertion that equitable tolling is appropriate in his case, Spencer refers to his petition for post-conviction relief as evidence that he has consistently and diligently pursued his rights. (Pet'r's Reply ¶¶ 9–11.) He insists, further, that he is not trying to show "extraordinary circumstance" by relying on his simple ignorance of legal procedures. (*Id.* at ¶ 14(C).) Instead, Petitioner explains, his "extraordinary circumstance" stems from his appellate attorney's failure to inform him about habeas procedure; the attorney told him only about the procedure for post-conviction relief. (Apr. 13, 2011 Letter from Jimmy Spencer to Judge Rebecca R. Pallmeyer (hereinafter "Pet'r's Letter") [9], at 1.) In Petitioner's view, his lawyer's reported omission amounts not to mere negligence or simple error, but to misrepresentation that justifies equitable tolling. (*Id.*) Petitioner likens his case to *United States v. Martin*, 408 F.3d 1089 (8th Cir. 2005), a case in which criminal defense counsel

> consistently lied to Martin and his wife about the filing deadline; repeatedly lied to Martin and his wife about the status of Martin's case; refused to communicate with Martin or his family; neglected to file any documents, belated or not, on Martin's behalf; and failed to return any of Martin's paperwork to him despite repeated requests and then demands.

*Martin*, 408 F.3d at 1095. The Eighth Circuit concluded that these facts warranted equitable tolling of Martin's claim. *Id*.

Such egregious conduct is absent from the record here. The attorney in *Martin* engaged in a pattern of lies, deceit, and neglect that prevented the defendant from timely filing a petition. At worst, Petitioner's attorney engaged in conduct amounting to simple negligence. As reflected in Petitioner's own submissions, counsel not only informed Petitioner of the three-year time limit for filing a post-conviction petition (to which Petitioner adhered), but counsel also provided Petitioner with an informational packet concerning the process complete with highlighted sections and pages. (Pet'r's Letter at 3.) That the attorney did not mention the statute of limitations for a federal habeas petition was unfortunate, but such a mistake does not constitute an "extraordinary circumstance."

Ultimately, "neither ignorance of the law nor bad (or incomplete) advice from counsel permits tolling." *U.S. ex rel. Strong v. Hulick*, 530 F.Supp.2d 1034, 1038 (N.D. Ill. 2008) (citing *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006)). Even *pro se* litigants are charged with knowing the law, and a "lack of legal expertise is not a basis for invoking equitable tolling." *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Nor does "a garden variety claim of excusable neglect" by a petitioner's attorney warrant equitable tolling. *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990) (fact that petitioner's attorney missed a filing deadline does not provide a basis for equitable tolling). "The threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (equitable tolling unwarranted where attorney missed filing deadline because her father died). Petitioner has failed to show that his case meets that high threshold.

**CONCLUSION**

Respondent's motion to dismiss is granted, and the petition for a writ of habeas corpus is dismissed with prejudice. Because this decision deals only with matters of timeliness, the court declines to issue a certificate of appealability. *See Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

ENTER:

Dated: December 15, 2011

_____
REBECCA R. PALLMEYER
United States District Judge